UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND AIGBEKAEN, | 1:20-cv-8608 (NLH) (KMW) |
| Plaintiff, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| DONALD TRUMP, et al., | |
| Defendants. | |

**APPEARANCES**:

Raymond Aigbekaen
94655-379
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
EAST: P.O. Box 2000
Joint Base MDL, NJ 08640

**HILLMAN, District Judge**

WHEREAS, Plaintiff Raymond Aigbekaen, a federal prisoner presently incarcerated in FCI Fort Dix, New Jersey, seeks to bring a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the Religious Freedom Restoration Act of 1993 ("RFRA"), 107 Stat. 1488, 42 U.S.C. § 2000bb et seq, ECF No. 1; and

WHEREAS, Plaintiff asked to voluntarily dismiss his litigation on August 28, 2020.  ECF No. 7.  The matter was closed per his request on September 3, 2020 in accordance with Federal Rule of Civil Procedure 41(a)(1)(A)(i), ECF No. 8; and

WHEREAS, on September 14, 2020, the Court received a letter from Plaintiff in which he stated that he "did not voluntarily dismiss the aforementioned action" and that he "continu[ed] to be denied [his] constitutional rights and intend[ed] to continue with this action." ECF No. 10 at 1. He asks the Court to reopen the complaint;[1] and

WHEREAS, the dismissal was without prejudice and did not operate as a decision on the merits. Fed. R. Civ. P. 41(a)(1)(B); see also Michael Sciore & Old City Pretzel Company, LLC, v. Kelly Phung, Studio KP LLC, & John Does #1-8, No. 19-13775, 2020 WL 1243814, at *2 (D.N.J. Mar. 16, 2020). Therefore, the Court will reopen the complaint; and

WHEREAS, the Court granted Plaintiff's in forma pauperis application on July 27, 2020, ECF No. 5; and

WHEREAS, upon further review, the Court reassesses Plaintiff's in forma pauperis status in light of new Supreme Court guidance, see Love v. N.J. Dep't of Corr., No. 10-1714, 2011 WL 345964, at *33 (D.N.J. Jan. 31, 2011) ("[T]he inmate's in forma pauperis may be revoked at any time if the court, either sua sponte or on a motion, determines that the status was improperly obtained."); and

WHEREAS, the Prison Litigation Reform Act of 1995 ("PLRA"),

---

[1] The Court will direct the Clerk to send Plaintiff a copy of his dismissal request as he asserts he did not file such a request.

2

which amended 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  The PLRA contains a "three strikes" provision that "prohibits a prisoner from proceeding IFP in a civil action or on appeal if, on three or more prior occasions, he has brought an action or appeal while incarcerated or detained that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury."  Millhouse v. Sage, 639 F. App'x 792, 793 (3d Cir. 2016) (citing 28 U.S.C. § 1915(g)); and

WHEREAS, the Supreme Court recently clarified that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit, for failure to state a claim, counts as a strike under the PLRA's three-strikes rule for in forma pauperis status, see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721 (2020); and

WHEREAS, it appearing that Plaintiff accumulated at least three dismissals for failure to state a claim before he submitted his complaint on July 10, 2020, see Aigbekaen v. Harford County Sheriff's Department, No. 1:19-cv-01864 (D. Md. May 19, 2020); Aigbekaen v. Maddox, No. 8:19-cv-01658 (D. Md. Feb. 6, 2020) (ECF No. 5); Aigbekaen v. Barr, No. 8:20-cv-00169 (D. Md. Feb. 6, 2020) (ECF No. 3); and

3

WHEREAS, Plaintiff must file a statement demonstrating imminent danger of serious physical injury if he wants to retain his in forma pauperis status, see 28 U.S.C. § 1915(g). Otherwise, Plaintiff must pay the $350 filing fee and $50 administrative fee before the Court may screen his complaint,

THEREFORE, IT IS on this   23rd     day of September, 2020

ORDERED that the Clerk shall reopen this matter; and it is further

ORDERED that Plaintiff shall show cause why the Court should not revoke his in forma pauperis status and require him to pay the full filing fee before proceeding.  Plaintiff must file a statement within 30 days of this Order demonstrating imminent danger of serious physical injury if his in forma pauperis status is revoked; and it is finally

ORDERED that the Clerk shall send a copy of ECF No. 7 and this Order to Plaintiff by regular mail.

At Camden, New Jersey

    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

4