U.S. District Court

District of New Jersey

1:20-cv-08608 NLH-KMW
Aigbekaen v. Trump Et Al

RECEIVED

SEP 28 2020

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

RECEIVED

SEP 22 2020

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

First Amendended Complaint

Now Comes, plaintiff, Raymond Aigbekaen, pro-se under duress and facing threats and retaliation enters this motion to amend his complaint to include Counselor Lee, unit Manager Ms. Odornez and Corrections officer Bogdanovich. Plaintiff also includes in his complaint the fact that he was not allowed to cover his head as required by his religion. The warden, as retaliation, failed to release the plaintiff's property including his headgear which he is required to wear based on his religious beliefs. The psychologist Dr. Bell told the plaintiff that while his property was being held, he could go ahead and improvise by converting either his pillow case or sheets to cover his hair so long as he indicate that it was for his religion. Plaintiff complied by inscribing his religious inscriptions on the headgear and he wore it only in the unit. The plaintiff did not leave the unit with this headgear and wore it only during the hours of observance yet he received an incident report by Mr. Bogdanovich who harassed the plaintiff and put his religious items on the floor even after the plaintiff pleaded with him not to do so.

   The Unit Manager, Ms Odornez refused to allow the plaintiff make any phone calls or send emails in an attempt to retain Counsel. Plaintiff is experiencing severe levels of anxiety and hypertension because the warden is retaliating against him and the Unit Manager has instructed the Counselors not to allow the plaintiffs Phone

The incident report which was given to the plaintiff violates the due process and the BOP's own rules because they failed to notify the plaintiff of his right to appeal the decision. His phone and emails were suspended for 120 days because he observed his religious belief. The institution failed to give the defendant his property after it was packed up in anticipation of a transfer that was indefinitely suspended due to COVID-19. This was not a fault of the plaintiff, yet they did not return his property to him even while he had a deadline to submit a writ of certiorari to the Supreme Court.

The Lieutenant had previously warned the plaintiff that he would "regret" making a PREA report because she claimed he was "making the institution look bad." Since that PREA report, there has been all sorts of retaliatory acts against the plaintiff including the use of violence against him by LT Marcussi, who handcuffed the plaintiff and viciously pushed his head against the wall and kicked plaintiff in the legs until his shoes came off. Mr (LT) Marcuss forced the plaintiff to face the wall with his hands tied behind his back and standing for hours all as part of the general retaliation. Plaintiff was threatened into entering a motion to dismiss this action and he fears for his life but wishes to continue with the lawsuit inspite of the backlash. Plaintiff's rights under RLUIPA and RFRA are being violated and he is being denied access to courts. He requests compensatory and injunctive and all other relief as the court can provide

Respectfully Submitted:
Raymond Aigbekaen (94655-37L)
Raymond Aigbekaen 8/29/2020

Raymond Rigsbeaume Cross #15
Fel Fort Dix
P. O. Box 2000
Fort Dix, NJ 08640

TRENTON NJ 085

18 SEP 2020   PM 6   L

Thinking

RECEIVED

SEP 2 2 2020

AT 8:30
WILLIAM T. WALSH
CLERK
M

Judge Noel L. Hillman
(In Chambers)
U.S. District Court New Jersey
P. O. Box 2797
Camden, NJ 08101

08101-279797