UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RAYMOND AIGBEKAEN,                  :
                                    :
            Plaintiff,              :   Civ. No. 20-8608 (NLH)(KMW)
                                    :
     v.                             :   MEMORANDUM ORDER
                                    :
                                    :
                                    :
DONALD TRUMP, et al.,               :
                                    :
            Defendants.             :
_____ :

1. Plaintiff Raymond Aigbekaen has filed an amended complaint against federal officials under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and the Religious Freedom and Restoration Act ("RFRA"). ECF No. 12.

2. The Court had ordered Plaintiff to show cause why his in forma pauperis status should not be revoked under 28 U.S.C. § 1915(g). ECF No. 11. Upon further review it does not appear that Plaintiff has three qualifying strikes. The order to show cause shall be vacated, and Plaintiff may continue to proceed in forma pauperis.

3. Plaintiff's amended complaint[1] alleges the Warden of FCI Fort Dix, Counselor Lee, and Corrections Officer Bogdonavich

---

[1] A party has the right to amend his or her "pleading once as a matter of course" 21 days after service of the pleading or 21 days after a motion under Rule 12 is filed, whichever is

prevented Plaintiff from covering his head as required by his religious beliefs. ECF No. 12 at 1. The Court will permit this RFRA claim to proceed.[2]

4. Plaintiff has also stated an excessive force claim against Lt. Marcussi. Id. at 2. Specifically, he alleges Lt. Marcussi "viciously pushed [Plaintiff's] head against the wall and kicked Plaintiff in the legs" while Plaintiff was handcuffed. Id.

5. Plaintiff has not stated a retaliation claim against the Warden. In Ziglar v. Abbasi, the Supreme Court concluded "that expanding the Bivens remedy is now a 'disfavored' judicial activity." 137 S. Ct. 1843, 1857 (2017). "The Supreme Court has never implied a Bivens action under any clause of the First

---

earlier. Fed. R. Civ. P. 15(a)(1). The Court had not screened the original complaint and ordered service at the time the amended complaint was submitted; therefore, Plaintiff was entitled to amend his complaint. "[A]n amended pleading — like the amended complaint here — supersedes the earlier pleading and renders the original pleading a nullity." Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) (citing W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)). "[T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading." Wright & Miller § 1476.

[2] The RFRA provides that the federal government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability." 42 U.S.C. § 2000bb-1(a).

2

Amendment." Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017); see also Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims.").

6. Thus far, the Third Circuit has not permitted First Amendment retaliation claims to proceed against federal employees. See Mack v. Yost, 968 F.3d 311 (3d Cir. 2020) (declining to extend Bivens to First Amendment retaliation claims brought in the prison workplace assignment context); Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel, 723 F. App'x 137, 140 n.3 (3d Cir. 2018) (citing Vanderklok).

7. Post-Abbasi, the Third Circuit has concluded that "[t]wo special factors are 'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns." Mack, 968 F.3d at 320. Plaintiff has alternative remedies to his retaliation claim in the BOP's administrative remedy process. Plaintiff can pursue his religious claims under RFRA. As the claims also involve separation of power concerns, the Court concludes it would be inappropriate to extend Bivens without legislative guidance. See, e.g., Berk v. Hollingsworth, et al., No. 17-0091, 2020 WL 6867216, at *4 (D.N.J. Nov. 23, 2020).

3

8.   Plaintiff has not stated a due process claim for not being told of his right to appeal a prison disciplinary proceeding.  Inmates' due process rights for prison disciplinary proceedings are limited to the rights set forth in Wolff v. McDonnell, 418 U.S. 539 (1974).  Under Wolff, inmates must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67).  There is no constitutional right to prison grievance procedures.  Heleva v. Kramer, 214 F. App'x 244, 247 (3d Cir. 2007).

9.   The Court will permit the RFRA claims to proceed against the Warden, Counselor Lee, and Corrections Officer Bogdonavich.  The Eighth Amendment excessive force claim may proceed against Lt. Marcussi.  All other claims and defendants will be dismissed without prejudice for failure to state a claim.

IT IS therefore on this  15th   day of January, 2021,

ORDERED that the order to show cause, ECF No. 11, is vacated; and it is further

ORDERED that the Clerk shall file the amended complaint, ECF No. 12, and add Warden FCI Fort Dix, Counselor Lee, Corrections Officer Bogdonavich, and Lt. Marcussi as defendants; and it is further

ORDERED that the amended complaint shall proceed only on Plaintiff's Religious Freedom and Restoration Act claims against Warden FCI Fort Dix, Counselor Lee, Corrections Officer Bogdonavich, and the Eighth Amendment claim against Lt. Marcussi.  All other defendants and claims are dismissed without prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

ORDERED that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[3]; and it is further

---

[3] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

5

ORDERED that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[4]; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

At Camden, New Jersey　　　　　　　　　　s/ Noel L. Hillman
　　　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.