ARCHER & GREINER
A Professional Corporation
1025 Laurel Oak Road
Voorhees, NJ 08043
Phone: (856)-616-2685
Fax: (856)-795-0574
*Attorneys for Plaintiff Raymond Aigbekaen*

By:    Kerri E. Chewning, Esquire


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND AIGBEKAEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION No. 1:20-cv-08608- |
| | : | CPO-SAK |
| v. | : | |
| | : | |
| DAVID ORTIZ; T. JONES; RIVERA; VAN | : | JURY TRIAL DEMANDED |
| JONES; JOHN MARCUCCI; YOUSEFF; M. | : | |
| BOGDANOVICH; and LEE, | : | |
| | : | |
| Defendants. | : | |


## SECOND AMENDED COMPLAINT

Plaintiff, Raymond Aigbekaen ("Mr. Aigbekaen"), by and through his attorneys, hereby

files this Second Amended Complaint and avers as follows:

## NATURE OF THE ACTION

1.    Mr. Aigbekaen, a Muslim federal inmate, brings this civil rights action under the

Eighth Amendment to the United States Constitution and the Religious Freedom Restoration Act,

seeking monetary damages against Defendants for failure to protect, cruel and unusual

punishment, and for substantially burdening the exercise of his religion.  Defendants' intentional

actions caused Mr. Aigbekaen severe physical, mental, emotional, and psychological injuries.

1

These acts have deprived Mr. Aigbekaen of rights secured to him by the laws of the United States of America.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391, as one or more of the Defendants reside(s) in this district and/or this is the district in which a substantial part of the events giving rise to the claim occurred.

## PARTIES

4.      Plaintiff Raymond Aigbekaen is an adult individual who, at all times relevant to this action, was a federal inmate incarcerated at FCI Fort Dix ("Ft. Dix").

5.      Defendant David Ortiz ("Ortiz") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as the Warden at Ft. Dix and acting under color of law.  Upon information and belief, Ortiz was responsible for the overall operation of Ft. Dix.  Ortiz is sued in his individual capacity for monetary relief.

6.      Defendant T. Jones ("T. Jones") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as a Counselor at Ft. Dix and acting under color of law.  Upon information and belief, T. Jones was jointly responsible along with Defendant Rivera, for Mr. Aigbekaen's personal and immediate safety at Ft. Dix.  T. Jones is sued in his individual capacity for monetary relief.

7.      Defendant Rivera ("Rivera") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as a Counselor at Ft. Dix and acting under color of law.  Upon information and belief, Rivera was jointly responsible along with Defendant

T. Jones, for Mr. Aigbekaen's personal and immediate safety at Ft. Dix. Rivera is sued in her individual capacity for monetary relief.

8.    Defendant John Marcucci ("Marcucci") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as a Lieutenant at Ft. Dix and acting under color of law. Upon information and belief, Marcucci was responsible for the oversight of all inmates as well as the management and supervision of correctional staff at Ft. Dix. Marcucci is sued in his individual capacity for monetary relief.

9.    Defendant Van Jones ("V. Jones") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as a Chaplain at Ft. Dix and acting under color of law. Upon information and belief, V. Jones facilitated religious worship and provided spiritual guidance to inmates at Ft. Dix. V. Jones is sued in his individual capacity for monetary relief.

10.    Defendant Youseff ("Youseff") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as a Chaplain at Ft. Dix and acting under color of law. Upon information and belief, Youseff facilitated religious worship and provided spiritual guidance to inmates at Ft. Dix. Youseff is sued in his individual capacity for monetary relief.

11.    Defendant M. Bogdanovich ("Bogdanovich") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as a Correctional Officer at Ft. Dix and acting under color of law. Upon information and belief, Bogdanovich was responsible for ensuring the custody, safety, and care of incarcerated individuals at Ft. Dix. Bogdanovich is sued in his individual capacity for monetary relief.

12.     Defendant Lee ("Lee") is an adult individual who, upon information and belief was, at all times relevant to this action, employed as a Counselor at Ft. Dix and acting under color of law.  Upon information and belief, Lee was responsible for ensuring the safety of inmates at Ft. Dix.  Lee is sued in his individual capacity for monetary relief.

## FACTS

13.     On February 7, 2017, Mr. Aigbekaen was sentenced to 15 years in prison for conspiracy to commit sex trafficking, sex trafficking of a minor and other charges related to the trafficking of a 16 year-old female for prostitution.

14.     Mr. Aigbekaen was incarcerated at Ft. Dix from August 6, 2019 to September 30, 2020.

15.     While incarcerated at Ft. Dix, Defendants acted in concert to violate Mr. Aigbekaen's rights under the Constitution and laws of the United States.

### Failure to Protect

16.     The Prison Rape Elimination Act ("PREA") was enacted to deter the sexual assault of prisoners.

17.     Pursuant to PREA, all inmates shall be assessed during an intake screening and upon transfer to another facility for their risk of being sexually abused by other inmates or sexually abusive toward other inmates.

18.     Intake screening shall ordinarily take place within 72 hours of arrival at the facility.

19.     The intake screening shall consider various factors, including, but not limited to, whether the inmate has prior convictions for sex offenses against an adult or child.

20.     The information gathered during the screening must be communicated to housing, bed, work, education, and program assignments with the goal of keeping separate those inmates at high risk of being sexually victimized from those at high risk of being sexually abusive.

21.     An inmate's risk level shall be reassessed when warranted due to a referral, request, incident of sexual abuse, or receipt of additional information that bears on the inmate's risk of sexual victimization or abusiveness.

22.     After being transferred to Ft. Dix, Mr. Aigbekaen underwent intake screening.

23.     Shortly after his transfer, Mr. Aigbekaen's prior convictions became general knowledge among other inmates.

24.     In addition, on several occasions, Defendant T. Jones called Mr. Aigbekaen a "sex offender" and "child pimp" in front of other inmates.

25.     As a result, Mr. Aigbekaen endured several incidents in which he was both physically and sexually assaulted.

26.     Despite the assaults, Defendants Ortiz, Marcucci, T. Jones, and Rivera failed to take any action to ensure Mr. Aigbekaen's safety.

27.     In fact, Defendant T. Jones taunted Mr. Aigbekaen for being sexually assaulted by calling him a "homo."

### Cruel and Unusual Punishment

28.     Mr. Aigbekaen reported his sexual abuse and harassment both internally and externally.

29.     Upon learning that Mr. Aigbekaen made a PREA report, Defendant Marcucci informed Mr. Aigbekaen that he would "regret making the institution look bad."

30.     Defendant Marcucci then handcuffed Mr. Aigbekaen and repeatedly slammed Mr. Aigbekaen's head into a wall and kicked him in the legs.

31.     Following the physical assault, Defendant Marcucci forced Mr. Aigbekaen to stand while facing the wall for several hours while his hands were still bound.

**Denial of Meals during Ramadan**

32.    Mr. Aigbekaen is a practicing Muslim.

33.    Observant Muslims fast between dawn and sunset during the holy month of Ramadan.

34.    Ft. Dix has a policy in place to accommodate inmates seeking to fast during Ramadan.

35.    Specifically, inmates who are fasting receive special pre-dawn and post-sunset meals.

36.    In 2020, Ramadan was observed from April 23, 2020 through May 23, 2020.

37.    Prior to the start of Ramadan, Mr. Aigbekaen informed Defendants V. Jones and Youseff that he intended to fast for Ramadan, and accordingly, requested that he be added to the list of inmates who would receive pre-dawn and post-sunset meals.

38.    Despite being put on notice of Mr. Aigbekaen's religious beliefs, Defendants Marcucci, V. Jones, and Youseff intentionally excluded Mr. Aigbekaen from receiving special pre-dawn and post-sunset meals during nearly the entire holy month of Ramadan.

39.    This severely impacted Mr. Aigbekaen's ability to fast.

**Prohibition from Wearing Religious Headwear**

40.    Mr. Aigbekaen's Islamic faith requires that he wear religious headwear as an act of piety.

41.    On or about June 17, 2020, Defendant Bogdanovich observed Mr. Aigbekaen wearing his religious headwear.

42.    After being confronted by Defendant Bogdanovich, Mr. Aigbekaen explained that he was wearing headwear for religious reasons.

6

43.     Despite being informed of the significance of headwear to Mr. Aigbekaen's religious beliefs, the following day, Defendant Bogdanovich confiscated Mr. Aigbekaen's religious headwear.

44.     After Mr. Aigbekaen's religious headwear was initially confiscated, Defendants Marcucci, Bogdanovich, and Lee acted in concert to prevent Mr. Aigbekaen from wearing his religious headwear for several additional months.

## CAUSES OF ACTION

### COUNT I
### Bivens – Eighth Amendment – Failure to Protect
### (Against Defendants Ortiz, Marcucci, T. Jones and Rivera)

45.     Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

46.     Defendants Ortiz, Marcucci, T. Jones, and Rivera knew that Mr. Aigbekaen had been convicted for various sexual offenses against a minor.

47.     Defendants Ortiz, Marcucci, T. Jones, and Rivera knew that because of Mr. Aigbekaen's criminal convictions, he faced a substantial risk of serious harm yet failed to take required actions for his safety and well-being.

48.     Defendants Ortiz, Marcucci, T. Jones, and Rivera acted with intent to harm Mr. Aigbekaen, deliberate indifference to Mr. Aigbekaen's health and safety and/or reckless disregard of the substantial risk of serious harm that Mr. Aigbekaen faced yet did not ensure that he was separated from other inmates who might sexually abuse him, as a result of which, Mr. Aigbekaen was physically and sexually assaulted.

49.     Defendants Ortiz, Marcucci, T. Jones, and Rivera, intentionally and/or recklessly failed to prevent or stop other inmates from physically and sexually assaulting Mr. Aigbekaen, and thereby acted with intent to harm Mr. Aigbekaen, deliberate indifference to Mr. Aigbekaen's health

and safety and/or reckless disregard of the substantial risk of serious harm that Mr. Aigbekaen faced, to an extent that shocks the conscience, in violation of Mr. Aigbekaen's rights under the Eighth Amendment to the U.S. Constitution.

50.     The actions and/or omissions of Defendants Ortiz, Marcucci, T. Jones, and Rivera were intentional, deliberate, knowing, willful, wanton, malicious, outrageous, shock the conscience, and were performed with the specific intent of harming Mr. Aigbekaen.

51.     As a direct and proximate result of the intentional and/or reckless disregard by Defendants Ortiz, Marcucci, T. Jones, and Rivera of the substantial risk of serious harm faced by Mr. Aigbekaen and such Defendants' deliberate indifference to Mr. Aigbekaen's health and safety, Mr. Aigbekaen has suffered, and will continue to suffer from, severe and permanent physical, mental, emotional, and psychological injuries.

**WHEREFORE,** Plaintiff, Raymond Aigbekaen, prays for judgment against Defendants for compensatory damages, punitive damages, attorney's fees and costs of suit, and any other relief that the Court deems equitable and just.

**COUNT II**
**<u>Bivens</u> – Eighth Amendment – Cruel and Unusual Punishment**
**(Against Defendant Marcucci)**

52.     Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

53.     Defendant Marcucci confined Mr. Aigbekaen under cruel and unusual conditions, in violation of the Eighth Amendment to the U.S. Constitution.

54.     The conditions of Mr. Aigbekaen's confinement were not reasonably related to a legitimate governmental objective, and were arbitrary, capricious, and purposeless.

55.     Defendant Marcucci intentionally inflicted unnecessary and wanton pain and punishment upon Mr. Aigbekaen by, *inter alia*:

8

(a)    Handcuffing Mr. Aigbekaen and repeatedly slamming Mr. Aigbekaen's head into a wall;

(b)    Repeatedly kicking Mr. Aigbekaen in the legs; and

(c)    Forcing Mr. Aigbekaen to stand while facing the wall for several hours while his hands were still bound after being physically assaulted.

56.    The actions and/or omissions of Defendant Marcucci were intentional, deliberate, knowing, willful, wanton, malicious, outrageous, shock the conscience, and were performed with the specific intent of inflicting punishment upon Mr. Aigbekaen.

57.    As a direct and proximate result of the unnecessary and wanton infliction of pain and punishment upon Mr. Aigbekaen by Defendant Marcucci, Mr. Aigbekaen has suffered, and will continue to suffer from, severe and permanent physical, mental, emotional, and psychological injuries.

**WHEREFORE,** Plaintiff, Raymond Aigbekaen, prays for judgment against Defendant for compensatory damages, punitive damages, attorney's fees and costs of suit, and any other relief that the Court deems equitable and just.

**COUNT III**
**42 U.S.C. § 2000bb-1**
**Violation of the Religious Freedom Restoration Act**
**(Against Defendants Marcucci, V. Jones and Youseff)**

58.    Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

59.    Defendants Marcucci, V. Jones, and Youseff knew that Plaintiff was a practicing Muslim.

60.    Defendants Marcucci, V. Jones, and Youseff knew that Plaintiff intended to fast during the holy month of Ramadan.

9

61.    Defendants Marcucci, V. Jones, and Youseff substantially burdened Plaintiff's exercise of religion by preventing him from receiving special pre-dawn and post-sunset meals during nearly the entire month of Ramadan.

62.    The actions and/or omissions of Defendants Marcucci, V. Jones, and Youseff did not further a compelling governmental interest.

63.    The actions and/or omissions of Defendants Marcucci, V. Jones, and Youseff were not the least restrictive means of furthering a compelling governmental interest.

**WHEREFORE,** Plaintiff, Raymond Aigbekaen, prays for judgment against Defendants for compensatory damages, punitive damages, attorney's fees and costs of suit, and any other relief that the Court deems equitable and just.

## COUNT IV
### 42 U.S.C. § 2000bb-1
### Violation of the Religious Freedom Restoration Act
### (Defendants Marcucci, Bogdanovich, and Lee)

64.    Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

65.    Defendants Marcucci, Bogdanovich, and Lee knew that Plaintiff was a practicing Muslim.

66.    Defendants Marcucci, Bogdanovich, and Lee knew that wearing religions headwear was a significant part of Plaintiff's faith.

67.    Defendants Marcucci, Bogdanovich, and Lee substantially burdened Plaintiff's exercise of religion by preventing him from wearing his religious headwear.

68.    The actions and/or omissions of Defendants Marcucci, Bogdanovich, and Lee did not further a compelling governmental interest.

69.    The actions and/or omissions of Defendants Marcucci, Bogdanovich, and Lee were not the least restrictive means of furthering a compelling governmental interest.

**WHEREFORE,** Plaintiff, Raymond Aigbekaen, prays for judgment against Defendants for compensatory damages, punitive damages, attorney's fees and costs of suit, and any other relief that the Court deems equitable and just.

### <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial in the above-captioned matter on all claims.

Respectfully submitted,

*/s/ Kerri E. Chewning* _____

Kerri E. Chewning, Esq.

Dated: April 8, 2024                   1025 Laurel Oak Road

Voorhees, NJ 08043

(856)-616-2685

*Attorneys for Plaintiff Raymond Aigbekaen*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy in this action is not the subject of any other action pending or contemplated in any court, or of any pending or contemplated arbitration or administrative proceeding. I further certify that there are no additional known parties who should be joined in the present action at this time. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Respectfully submitted,

*/s/ Kerri E. Chewning*
Kerri E. Chewning

Dated: April 8, 2024